CLIFTON A. BLANCHARD & others *vs.* HENRY L. FEARING & another.

One who has taken and caused to be recorded a bill of sale of an undivided share of a vessel, absolute in terms, but intended only as collateral security for a debt, and has never taken her into his possession or control, or received any part of her earnings, or in any manner interfered in her management, is not liable for supplies ordered by the master, although they were for her permanent advantage.

The fact that such bill of sale was intended only as collateral security may be shown by parol, for the purpose of negativing any authority to procure supplies on the credit of its holder.

CONTRACT for supplies furnished to the schooner Abeona, upon the order of her master.

At the trial in the superior court, there was evidence that, a short time before the articles were furnished, some of which

were for the schooner's permanent advantage, the defendants received a bill of sale of nine-sixteenths of her, under seal and absolute on its face, which was duly recorded at the custom-house; and that the plaintiffs sold the articles, relying upon the defendants' responsibility.

The defendants offered to prove by oral testimony that the bill of sale was intended only as collateral security for a debt. And it was admitted that when the articles were sold and delivered, and for several months thereafter, the vessel had not been enrolled or registered in the name of the defendants, and they had not taken possession of her, or received any part of her earnings, or in any manner interfered in her management, or in the appointment of her master; but the plaintiffs offered to prove that, about eight months thereafter, the defendants took possession of her, took out an enrolment in their own names, and sold her.

By direction of *Wilkinson,* J., a verdict was returned for the plaintiffs, it being agreed that upon such of the evidence and facts as were competent this court might render judgment according to law.

*H. W. Muzzey,* for the plaintiffs.

*J. C. Dodge,* for the defendants.

Bigelow, C. J. This case cannot be distinguished from *Howard* v. *Odell,* 1 Allen, 85. There was no evidence to warrant the jury in finding that the master of the vessel was authorized to act as agent of the defendants, or to purchase supplies in their names or on their credit. A mortgagee of a vessel not in possession, and not exercising any control over her management, or receiving any part of her earnings, cannot be held to be the principal in navigating or repairing her. The master is not his agent, but acts in behalf of those by whom he is employed, and who manage the vessel and receive the benefit of her earnings. In this respect, the mortgagee of a vessel stands on the same ground as, and incurs no other or greater liability than attaches to, the mortgagee of any other species of property. It makes no difference that the articles furnished were for the permanent improvement and repair of the vessel. It is not a question

of maritime lien, but of personal credit. The master had no power to pledge the latter, and the plaintiffs had no right to sell goods to him, relying on the personal responsibility of the defendants. *Verdict set aside. Judgment for the defendants.*